IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUBREY ADONIS MARTIN,        )
                             )
            Plaintiff,       )
                             )
v.                           )    Case No. 11-1305-CM
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
            Defendant.       )
_____)

## MEMORANDUM AND ORDER

Plaintiff Aubrey Adonis Martin brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's denial of plaintiff's applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 and 1381.  Finding error in the Commissioner's analysis of Dr. Shafer's opinion, the court reverses the decision of the Commissioner and remands the case for further proceedings consistent with this order.

**I.      Background**

Plaintiff protectively filed for disability insurance benefits and supplemental security income in 2009.  The agency denied his applications initially and upon reconsideration, and plaintiff requested a hearing before an administrative law judge ("ALJ").  Plaintiff's request was granted, and plaintiff appeared with a non-attorney representative for a hearing before ALJ James Harty on November 18, 2010.  At the hearing, the ALJ received testimony from plaintiff and from a vocational expert.

Thereafter, the ALJ issued a decision on December 17, 2010, denying plaintiff's applications.  Plaintiff sought, but was denied, Appeals Council review of the ALJ's decision.  Therefore, that

decision became the final decision of the Commissioner.  Plaintiff timely filed this case requesting judicial review of the Commissioner's decision.

**II.     Legal Standard**

Section 405(g) of the Social Security Act allows an individual to seek judicial review of any final decision of the Commissioner made after a hearing to which the individual was a party.  The court's role in conducting this review is to determine (1) whether the ALJ applied the correct legal standard, and (2) whether the factual findings are supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g) (stating that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").  In completing this review, the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation and citation omitted).

Under Section 423(d) of the Social Security Act, a person is under a disability when the individual can establish that he is unable to engage in any substantial gainful activity by reason of a physical or mental impairment that is expected to result in death or to last for a continuous period of not less than twelve months.  To evaluate disability, the Commissioner uses a five-step sequential process.  20 C.F.R. § 416.920.  Step one requires the Commissioner to determine whether the claimant has engaged in substantial gainful activity.  *Id.*  Step two requires the Commissioner to determine whether the claimant has a severe medical impairment.  *Id.*  Step three requires the Commissioner to determine whether the severity of the claimant's impairments meets or equals a listing and the duration requirement.  *Id.*

After evaluating steps one through three, the Commissioner assesses the claimant's residual functional capacity ("RFC").  The Commissioner then uses the RFC for steps four and five.  Step four requires the Commissioner to consider the claimant's RFC and determine whether the claimant can

perform past relevant work.  *Id.*  Step five requires the Commissioner to determine whether—considering the claimant's RFC and vocational factors of age, education and work experience—the claimant is able to perform other work in the economy.  *Id.*  In steps one through four, the burden is on the claimant.  *Williams v. Bowen*, 844 F.2d 748, 751 n.2 (10th Cir. 1988).  In step five, however, the burden shifts to the Commissioner.  *Id.* at 751.

**III.	Analysis**

Plaintiff argues that the ALJ erred in his step three determination and in evaluating his RFC.  The Commissioner responds that the ALJ correctly analyzed step three and properly assessed his RFC, including properly evaluating the medical source opinions, properly determining credibility, and properly specifying particular functional limitations.  The court determines that remand is necessary because the ALJ improperly evaluated the medical opinion of plaintiff's treating physician, James Shafer, M.D.

Dr. Shafer has treated plaintiff since December 2008 for leg and lower back pain.  Because he is plaintiff's treating physician, the ALJ's decision must give good reasons for the weight given to Dr. Shafer's opinion.  *See* 20 C.F.R. 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").  This means that the ALJ's decision must contain specific reasons for the weight given to Dr. Shafer's opinion and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p, 1996 SSR LEXIS 9, at *12 (July 2, 1996).

In this case, the ALJ summarized and explained the weight accorded Dr. Shafer's opinion as follows:

> In a Physical Medical Source Opinion Questionnaire dated February 5, 2010, James Shafer, M.D. noted that the claimant has subjective pain in his right knee and back.

> Although the claimant testified that he could lift up to 10 pounds, his doctor indicated that he could lift 20 occasionally and 10 pounds frequently. Dr. Shafer indicates there is no difficulty with sitting. He limits standing and walking but the residual functional capacity allows for alternating sitting and standing, which accommodates the claimant's restrictions. The claimant alleges disability due to side effects from his pain medication but his doctor reports no medication side effects. Dr. Shafer indicates that it is unknown if the claimant is a malingerer and further reported that the MRI results (of the right knee and lumbar spine) do not correlate with the level of pain alleged by the claimant. Despite the lack of medical support, Dr. Shafer estimated that the claimant would be absent from work for more than four days per month due to his impairments or treatment of those impairments. (Exhibit B11F) **This opinion** is given some weight but only to the extent it is consistent with the residual functional capacity herein. Otherwise, it is not given controlling weight; **the opinion** is given little weight as it is not well supported or consistent with longitudinal evidence. Dr. Shafer also stated that the claimant's pain symptoms constantly interfere with attention and concentration. (Exhibit B11F) **This opinion** is given little weight as mental functioning is not Dr. Shafer's specialty.

(Doc. 10-2 at 18 (emphasis added).)

The ALJ's treatment of Dr. Shafer's opinion is deficient for two reasons. First, the ALJ failed to make clear the weight given to Dr. Shafer's medical opinion. Specifically, it is unclear whether the ALJ is using the phrase "[t]his opinion" to refer to all of Dr. Shafer's February 5, 2010 opinion or only specific opinions of Dr. Shafer (e.g., his opinions regarding absences from work and attention and concentration). His first use of "[t]his opinion" suggests the former and his second use suggests the latter. But another reasonable interpretation is that in both instances the ALJ is using "[t]his opinion" to identify specific opinions (e.g., absences and attention and concentration) and that he failed to specify the weight he accorded to the bulk of Dr. Shafer's opinion. Because the weight the ALJ accorded Dr. Shafer's opinion is not clear, remand is necessary.

Second, the ALJ failed to make clear the reasons for the weight given to Dr. Shafer's opinion. The ALJ stated that "the opinion is given little weight as it is not well supported or consistent with longitudinal evidence." (Doc. 10-2 at 18.) This statement is a bare conclusion as the ALJ fails to identify any inconsistencies. The Commissioner, through his attorney, attempts to provide the factual

basis to support the ALJ's conclusion.  But that is not the proper role of the Assistant United States Attorney, let alone the court.

The court is sympathetic to the demands on the Commissioner and the ALJ.  And in several ways the ALJ's discussion of the medical evidence is impressive and thorough.  But, as to the crucial questions of the weight given to Dr. Shafer's opinion and the reasons for that weight, the ALJ's opinion is lacking the required clarity and factual basis.  Therefore, the court remands this matter for a more complete explanation of the weight and the rationale for the weight given to Dr. Shafer's opinion.

As noted above, plaintiff raises several other alleged errors in the ALJ's analysis.  Because remand may necessitate reassessment of step three and plaintiff's RFC, the court will not provide an advisory opinion on plaintiff's additional arguments.  The Commissioner may address these arguments on remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is remanded pursuant to 42 U.S.C. § 405(g) for further analysis in accordance with this Memorandum and Order.

Dated this <u>8th</u> day of January, 2013, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
**United States District Judge**